JOHN O. REPOSA *et ux. vs.* ETTORE C. PICERNE.

MARCH 4, 1964.

PRESENT: Condon, C. J., Roberts, Powers and Joslin, JJ.

POWERS, J.   This is a bill in equity brought to rescind a transaction by which the respondent had conveyed two lots of land to the complainants, and praying that the respondent be compelled to refund the consideration, together with moneys paid by the complainants as expenses incurred in said transaction in return for a reconveyance of the property to the respondent, or in the alternative for general relief. After a hearing before a superior court justice on bill, answer and proof, a decree was entered granting the relief prayed for and the cause is before us on the respondent's appeal therefrom.

The evidence establishes that respondent purchased a number of house lots at a tax sale held by the city of Cranston; that complainants became interested in two contiguous lots on Youlden avenue in Cranston on which a foundation had been excavated; that by pacing off the distance

from an intersecting street corner, complainants concluded from information furnished at the office of the tax assessor that the two lots were owned by respondent; and that they approached respondent with an offer to purchase them.

It is also established that after several conversations between the parties, during which respondent stated that he must first determine whether he owned the lots, he finally agreed, on July 6, 1959, to convey the land to complainants for a consideration of $1,000. He accepted $100 as a binder and gave complainants a combination receipt and agreement which reads as follows:

> "Received from John Reposa the sum of one hundred dollars ($100.00) as deposit on lot No 812 and Lot No 813 on Plat 4 said lots are 20 x 80 Balance of nine hundred dollars to be paid on delivery of deed from title Co. Said lot have a 24 x 30 Foundation."

The respondent testified that because he had acquired these lots with others at a tax sale held by the city, it was necessary to clear the title and he engaged counsel for that purpose. Thereafter, on November 19, 1959, in the office of a title company, he conveyed the lots to complainants as joint tenants, executing a warranty deed which designated the property as lots 92 and 93 on the plat entitled "Cleveland Park Cranston, R.I. By J.A.Latham, May, 1893."

Although the testimony on the point is somewhat vague, it would appear that the lots are the same as those referred to in the receipt-agreement. This latter instrument apparently used the designation appearing on assessor's plat 4. In any event there is nothing to indicate that, at the time of the closing, the parties had any doubt but that the deed conveyed the property which complainants had offered to buy and respondent had agreed to convey.

However, several weeks after complainants had taken title they discovered that the foundation was not on the lots they had purchased and, indeed, that respondent did not own the property on which the foundation was located.

Mr. Reposa testified that he so informed respondent and demanded a return of his money, offering to reconvey the lots actually acquired. He did not, however, testify as to respondent's attitude in the premises. That it could not have been favorable is evident since complainants engaged an attorney who, on February 8, 1960, made a similar demand in writing. No understanding having apparently been reached, complainants brought the instant suit in December, 1962.

Although they aver in their bill that respondent represented there was a foundation on the two lots conveyed to them, the sole evidence in support thereof is to be found in the agreement of July 6, 1959. The complainants testified that the concluding language thereof, namely, "Said lot have a 24 x 30 Foundation," was added by respondent at their insistence. He in turn readily acknowledged such to have been the case, but stated repeatedly that at no time did he know whether there was in fact a foundation on the lots which he owned and complainants desired to purchase. In explanation of the reference to a foundation in the receipt-agreement, he testified that complainants wanted assurance that the consideration of $1,000 was in full payment for the property, thus precluding any subsequent claim by him for the value of the foundation.

The trial justice, observing that respondent did not intend to trick or defraud complainants "in any sense whatever," found that there was a mutual mistake of fact, and that complainants intended to purchase and respondent intended to convey the two lots on which the foundation was located. He decided that complainants were entitled to rescission on the basis of the mutual mistake and ordered the entry of a final decree conforming to his decision. In support of his appeal therefrom the respondent assigns as reasons that the decision and the decree are against the law, the evidence, the law and the evidence and the weight thereof.

The respondent contends that the trial justice misconceived the evidence because, having found that respondent did not know whether there was a foundation on the lots which complainants desired to purchase, respondent could not have mistakenly believed that there was a foundation on them.

The complainants argue, however, that the finding of mutual mistake is supported by the reference to a foundation which is included in the receipt-agreement. We are not so persuaded. All parties agreed that the language on which complainants based their argument was added at the request of complainants and they make no claim that respondent ever represented that there was, or that he believed there was, a foundation on any lots he owned. The respondent's explanation that he added the reference to a foundation at complainants' insistence because they were sure that the foundation was there and wanted to be certain that, as an improvement, it was included in the purchase price, is a reasonable explanation in the absence of testimony by complainants that respondent ever agreed to the existence of a foundation on the property owned by him.

Certainly there is a lack of clear and convincing evidence in the record that respondent conveyed the lots under the mistaken belief that the foundation in which complainants were interested was located on the two lots he agreed to sell. It would seem, therefore, that respondent correctly contends that there was no mutuality of mistake as found by the trial justice.

However, the trial justice also found that respondent did not intend to convey the demised premises unless they were in fact the property in which complainants were interested. In his decision he stated: "The fundamental thing here is that the minds of the parties never met. The Complainants wanted to buy the lot with the foundation on it and they made that a condition of the purchase. The Respond-

ent wrote it into his receipt, that the lot I am selling you has this foundation on it, described as such and such a lot, and he knew then that the Complainants wanted the lot with that foundation on it."

An examination of the evidence is persuasive that, viewing it as related to complainants' prayer for general relief, the decision of the trial justice was not wrong. In *Johnston* v. *Johnston,* 74 R. I. 306, 309, this court stated: "The jurisdiction of equity to grant relief in a case of fraud, actual or constructive, is beyond question. It is also well settled that equity will grant relief, if it can be done without injustice, whenever parties act innocently on a mistake as to a material present or past fact."

In the instant cause, the bill of complaint averred that respondent had represented there was a foundation for a building on the land complainants offered to purchase. As heretofore indicated, they failed to establish this by clear and convincing proof, but they did establish by such proof, in the opinion of the trial justice, that there was no intention on their part to purchase, nor on respondent's part to convey, land on which the foundation, the motivating force of the transaction, was not located. Although, therefore, rescission by reason of mutual mistake was not warranted, justice is served by ordering cancellation of the conveyance and refunding to complainants such sum as will restore the parties to their status quo. See *Bagley* v. *Page,* 57 R. I. 186.

In our judgment, however, the decree as entered affords to complainants more relief than is equitable in the premises. It would appear that the award of $100 to cover expenses at the closing, placed on respondent the responsibility for expenses which were, in part at least, fairly to be assumed by complainants. They should bear a proportionate share of taxes or other city assessments, together with other incidental costs of closing the transaction, since they would have enjoyed whatever benefits might have flowed

from the fact of ownership, such as an interested purchaser, ready and willing to pay substantially more than the consideration paid by complainants.

We are not, however, persuaded that a reconveyance by quitclaim deed, as provided by the decree, fails to put the respondent in status quo, as he contends. Such a conveyance will return to the respondent everything that he conveyed by warranty deed, buttressed by the complainants' covenants against encumbrances for which they became responsible during the time title was vested in them.

The respondent's appeal is denied and dismissed, the decree appealed from is modified in the manner and to the extent above specified, and on March 11, 1964 the parties may present to this court for approval a form of decree, in accordance with this opinion, to be entered in the superior court.

*Charles H. Eden*, for complainants.

*Anthony A. Giannini*, for respondent.